UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL QUEZADA,** | Civil Action No. 16-5687 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **WARDEN CHARLES GREEN,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Michael Quezada, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 4), to which Petitioner has replied. (ECF No. 5). For the following reasons, this Court will grant the petition and will direct an immigration judge to conduct a bond hearing for Petitioner.

**I. BACKGROUND**

Petitioner, Michael Quezada, is a native and citizen of the Dominican Republic who entered this country at some unknown point prior to 2000. (Document 1 attached to ECF No. 4 at 2-3). On December 14, 2000, Petitioner became a lawful permanent resident of the United States. (*Id.*). Since that time, Petitioner has accrued a lengthy criminal record, which in relevant part includes two convictions which are at issue in his removal proceedings: first, in January 2011 he was convicted of conspiracy to commit theft by unlawful taking in the Superior Court of New Jersey, Middlesex County; and in March 2015 he was convicted in that same court of attempting to fraudulently use a credit card, for which he received a five year prison sentence. (Document 2

1

attached to ECF No. 4 at 4; Document 3 attached to ECF No. 4). Based on these convictions, Petitioner was issued a notice to appear on January 27, 2016, and was taken into immigration custody on that same date. (ECF No. 1 at 2; Documents 1-2 attached to ECF No. 4). Petitioner has remained detained since that date. (Document 5 attached to ECF No. 4).

Petitioner apparently first appeared before an immigration judge on March 2, 2016, at which time his proceedings were continued to permit Petitioner to obtain representation. (*Id.* at 2). Petitioner returned to the immigration court on April 27, but his matter was again continued on that date, this time at the request of the Government. (*Id.* at 3). On June 20, 2016, Petitioner returned to the immigration court, but his proceedings were once again continued because the assigned immigration judge took unplanned leave. (*Id.*). Petitioner thereafter filed a motion to terminate removal proceedings on June 27, 2016, in which Petitioner argued that he was entitled to derivative citizenship, which was ultimately denied in August 2016. (*Id.*). While Petitioner was scheduled to appear on July 1, July 11, August 24, and September 14, 2016, each of those hearings was continued to give Petitioner more time to prepare for a merits hearing and to provide him time to prepare an application for relief from removal. (*Id.* at 4-5). Petitioner thereafter filed an application for cancellation of removal. (*Id.*). Petitioner appeared before the immigration court again on October 20, 2016, but his matter was rescheduled once again so that a merits hearing could be held on that cancellation application. (*Id.* at 5). That hearing was apparently scheduled for December 20, 2016. (*Id.*). It is unclear what occurred on December 20, 2016, but nothing in the current record suggests that Petitioner is subject to a final order of removal at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

As the record indicates that Petitioner is not yet subject to a final order of removal and is being held based on his prior criminal convictions, the parties agree that Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c). The continued propriety of Petitioner's detention without an individualized bond hearing is therefore governed by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234.

Reasonableness in this context is "a function of whether [continued detention without bond] is necessary to fulfill the purpose of the statute," specifically protecting the public and ensuring that the petitioner attends his removal proceedings. *Id.* While the *Diop* court declined to adopt a bright line rule for determining reasonableness based solely on the passage of time, s*ee* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at \*3 (D.N.J. Jan. 30, 2014), the Third Circuit did provide some clarification in *Chavez-Alvarez*. Specifically, the *Chavez-Alvarez* panel held that, at least where the Government does not show bad faith on the petitioner's part, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this matter, the Government argues that Petitioner's continued detention without a bond hearing is reasonable because Petitioner's case is distinguishable from *Chavez-Alvarez* in two respects: first, Petitioner is responsible for several months of continuances and thus contributed to the length of his detention, and second because Petitioner has only limited avenues of relief available to him following the denial of his motion seeking the termination of removal proceedings by the immigration court, and Petitioner is unlikely to succeed on these claims for limited relief from removal to his country of birth. Although the Government mentions the denial of Petitioner's motion for termination of removal proceedings, and suggests that Petitioner's application or cancellation of removal is unlikely to succeed given his past criminal history, the Government does not expressly argue that Petitioner has acted in bad faith in his immigration proceedings, but instead that Petitioner's claims are less meritorious and less complicated than those at issue in *Chavez-Alvarez*.

4

As this Court has explained,

> [t]urning first to the issue of Petitioner's responsibility for some of the delay in his case, the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475. Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.* While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith. *Id.*
>
> Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2-3 (D.N.J. Dec. 7, 2016). "Given the standards provided in *Chavez-Alvarez*, this Court has in other cases concluded that a petitioner will normally be entitled to a bond hearing where he has been detained for nearly a year while pursuing

claims that were capable of providing some relief, however limited, and no bad faith or dilatory motive has been shown." *Madera v. Green*, No. 16-5055, 2016 WL 7424487, at *3 (D.N.J. Dec. 23, 2016) (citing *Rodriguez*, 2016 WL 7175597 at *3).

In this matter, Petitioner has been held without a bond hearing and without a final order of removal for approximately a year. While Petitioner may have been responsible for several continuances in his immigration proceedings, it is clear from the record that the Government and immigration court itself have likewise been responsible for several of the continuances which occurred in this matter. Given this split and Petitioner's multiple applications for relief, nothing before this Court suggests a dilatory motive on Petitioner's part. Although the Government argues that the denial of Petitioner's motion for termination of removal proceedings and the uphill battle he faces in seeking cancellation of removal make his case distinguishable from *Chavez-Alvarez* because Petitioner lacks a strong claim which would completely prevent his removal from this country, this Court finds that the Government has failed to establish that Petitioner has acted in bad faith in pursuing relief from removal. It instead appears from the record before this Court that Petitioner has sought in good faith to challenge the Government's proofs by raising real issues and has sought what limited avenues of relief are available to him through both his motion for termination and his application for cancellation of removal. That Petitioner's motion was denied and that he faces a difficult road in seeking cancellation of removal are insufficient to convince this Court that those applications were raised in bad faith. Given those findings, and the approximately one year of detention Petitioner has faced during the pendency of his removal proceedings, this matter is not materially distinguishable from *Rodriguez*, *Madera*, or *Chavez-Alvarez*. As such, this Court finds that Petitioner's immigration detention "has reached the tipping point wherein it is no longer reasonable under the statute to continue his detention absent a

particularized determination as to his danger to the community and potential flight risk." *Madera*, 2016 WL 7175597 at *3. This Court will therefore grant this petition and direct the immigration Court to provide Petitioner with a bond hearing in accordance with *Chavez-Alvarez*. 783 F.3d 477-78.

### III. CONCLUSION

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an immigration judge to provide Petitioner with a bond hearing. An appropriate order follows.

Dated: January 25, 2017                                *s/ Susan D. Wigenton*
                                                                            Hon. Susan D. Wigenton,
                                                                            United States District Judge